H. J. SPRAYBERRY, plaintiff in error, *vs.* A. B. CULBERSON, defendant in error.

Letters of administration granted by the Court of Ordinary on the estate of a person who died out of this State, having heirs in the State and apparently a lot of land in the county where the letters were granted: *Held* to be legal and valid.

Rule *nisi*, on appeal from the Court of Ordinary, in Walker Superior Court. Tried before Judge WALKER, at the August Term, 1860.

A. B. Culberson, administrator of John Holder, deceased, was called upon by a rule *nisi*, to shew cause at the May Term, 1858, of the Court of Ordinary of Walker county, why his letters of administration should not be revoked upon the grounds therein mentioned. These grounds were, that Holder, at the time of his death, did not reside in, or have any effects in, the county of Walker; because the Court granting the letters had no jurisdiction, and was imposed upon when granting the same in being led to believe that the administration was for the benefit of the heirs and

creditors of said estate; and because it does not appear that there were any assets of said estate, either in the county of Walker or State of Georgia. And upon the additional grounds that Holder was living at the time the letters were granted, and that the fact of his death had not been shewn by the administrator.

Upon hearing the rule *nisi*, at the May Term of the Court of Ordinary, the Court revoked and set aside the letters of administration of said Culberson, and an appeal was taken by him from this action of the Ordinary to the Superior Court of Walker county, and said appeal came on to be tried before a special jury at the August Term, 1860, of said Superior Court.

It was admitted on the trial that A. B. Culberson, the administrator, had returned no inventory or appraisement of the estate of his intestate, Holder, and that he had not been notified of any claims or debts against the estate of his said intestate.

Plaintiff introduced as a witness the defendant, A. B. CUL-BERSON, the administrator, who testified that, in the year 1854, he was employed by one Boling Conner to institute an action of ejectment against Sprayberry to recover lot of land No. 298, in 26th district and 3d section of Walker county, Conner telling witness that he (Conner) claimed an interest in the land. He brought said ejectment in name of John H. Holder alone, as lessor of plaintiff. This action, while pending, was enjoined by a bill filed by Sprayberry against Holder and Conner. He further testified, that after he had instituted the action of ejectment, he, at the request of Conner, applied for and obtained letters of administration on the estate of Holder The object in obtaining the letters was to answer the bill, and to prosecute the action of ejectment. He further testified that if it should appear that the land did not belong to Conner, and that it should be recovered as the estate of Holder, he, witness, would account to the heirs of Holder. He, witness, never knew Holder, and was not employed by him to sue for the land, or by his heirs to administer on the estate.

Sprayberry *vs.* Culberson.

It was admitted that the land was granted to Holder, and is situated in Walker county, and that the ejectment and bill are still pending.

It was proved by defendant, that Holder died in 1843, in the territory of Iowa, and was not at that time a resident of this State; that his widow and his brother and brother-in-law live in Georgia, and that Conner is not an heir-at-law of Holder.

Sprayberry was in possession of the land when the action of ejectment was brought, and is still in possession.

The evidence being closed, the Court charged the jury, that, upon the facts of the case the letters could not be revoked, and directed a verdict for defendant. The jury accordingly so found and the plaintiff excepted, and now here assigns said charge and verdict as error.

SPRAYBERRY, McCUTCHIN, for plaintiff in error.

A. J. HANSELL, McCONNELL, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

While this Court has no desire to encourage mere speculative administrations, but an earnest wish to discourage them to our utmost, we can not see, from the facts stated in this record, any reason for vacating these letters. On the contrary, from the facts disclosed, it appears that there is a lot of land in the county where the letters were granted, the legal title to which appears to be in the estate of the intestate, who died out of the State, and who has heirs, entitled to the same, residing in the State of Georgia, and to whom the administrator will have to account for the land in case a recovery is had by him as administrator, in the absence of any superior or better title to the same, and none other is indicated by the facts of the record—the tenant in possession, at whose instance this motion was made, showing no title or claim, either legal or equitable, why this recovery should not be had or the administration vacated.

Let the judgment be affirmed.